J-A18045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
PIERRE LAMONT PINSON :
:
Appellant : No. 933 WDA 2020

Appeal from the PCRA Order Entered August 3, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0013750-1999,
CP-02-CR-0014157-1999

BEFORE:  OLSON, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:               **FILED: OCTOBER 22, 2021**

Pierre Lamont Pinson ("Pinson") appeals, *pro se*, from the Order dismissing his fifth Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  Additionally, Pinson has filed an Application for Relief requesting that Judge Olson recuse herself from consideration of this appeal.  We grant Pinson's Application for Relief, and we affirm the PCRA court's Order dismissing Pinson's PCRA Petition.

On August 27, 1999, Pinson and his co-defendant committed a drive-by shooting of the Pittsburgh Police Station in Zone 6, located at Northumberland Street, Pittsburgh, Pennsylvania.  Subsequently, on August 30, 1999, Pinson and his co-defendant unsuccessfully attempted to break into a Qwicash, a check-cashing business, before business hours.  On the following day, Pinson and his co-defendant entered the store during business hours, each armed

with a handgun, and robbed the Qwicash. On September 20, 1999, Pinson was arrested and charged with the Pittsburgh Police Zone 6 drive-by shooting at Docket Number CP-02-CR-0013750-1999 ("No. 13750-1999"), and with the Qwicash robbery at Docket Number CP-02-CR-0014157-1999 ("No. 14157-1999").

On July 24, 2000, after a jury trial, Pinson was convicted of four counts of aggravated assault, and one count each of criminal conspiracy and carrying a firearm without a license,[1] at No. 13750-1999. After the conclusion of his trial at No. 13750-1999, Pinson immediately proceeded to a separate jury trial at No. 14157-1999. At No. 14157-1999, a jury convicted Pinson of three counts of robbery, two counts of criminal conspiracy, and one count of criminal attempt.[2]

On September 12, 2000, Pinson was sentenced, at No. 13750-1999, to an aggregate term of 35 to 90 years in prison. On the same day, Pinson was sentenced, at No. 14157-1999, to an aggregate term of 15 to 60 years in prison. Pinson's sentences were imposed consecutively, resulting in an aggregate term of 50 to 150 years in prison.

On March 22, 2002, Court affirmed Pinson's judgment of sentence imposed at No. 13750-1999, and on August 28, 2002, our Supreme Court

---

[1] 18 Pa.C.S.A. §§ 2702(a), 903(a)(1), 6106(a)(1).

[2] 18 Pa.C.S.A. §§ 3701(a)(1), 901(a).

denied allowance of appeal. *See Commonwealth v. Pinson*, 799 A.2d 173 (Pa. Super. 2002) (unpublished memorandum), *appeal denied*, 806 A.2d 860 (Pa. 2002). On March 27, 2002, this Court affirmed Pinson's judgment of sentence imposed at No. 14157-1999, and on March 30, 2004, our Supreme Court denied allowance of appeal. *See Commonwealth v. Pinson*, 799 A.2d 173 (Pa. Super. 2002) (unpublished memorandum), *appeal denied*, 847 A.2d 1282 (Pa. 2004).

Subsequently, Pinson filed four unsuccessful PCRA Petitions. Relevantly, Pinson previously argued, before this Court, that all prior counsel rendered ineffective assistance by failing to investigate and call Michael Snowden ("Snowden") and John Carter ("Carter") to testify.[3] *See Commonwealth v. Pinson*, 968 A.2d 795, (Pa. Super. 2009) (unpublished memorandum at 7-8). In that case, Pinson had claimed that Snowden's testimony was exculpatory and would have proven Pinson's innocence. *Id.* Ultimately, Pinson's ineffective assistance claim was dismissed for failure to produce any evidence supporting his claim. *See id.*

---

[3] According to Pinson, Snowden and Carter, during interviews with the police, told the police that Pinson and his co-defendant were involved in the Pittsburgh Police Zone 6 drive-by shooting. Brief for Appellant at 12-18. Instantly, as discussed *infra*, Pinson now claims that Snowden's testimony was exculpatory because Snowden would admit that he lied to the police when he stated that Pinson was involved in Pittsburgh Police Zone 6 drive-by shooting. *Id.*

- 3 -

On December 3, 2019, Pinson, *pro se*, filed the instant PCRA Petition, at both docket numbers, his fifth. On February 10, 2020, Pinson, *pro se*, filed an Amended PCRA Petition at both docket numbers. On June 17, 2020, the PCRA court issued Notice of its Intent to dismiss Pinson's Petition without a hearing pursuant to Pa.R.Crim.P. 907. On July 20, 2020, Pinson filed his Objections as well as a Motion for an Evidentiary Hearing. On August 3, 2020, the PCRA court dismissed Pinson's Petition as untimely. Pinson filed a timely

Notice of Appeal[4] and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Pinson now raises the following claims for our review:

[1.] Did the PCRA court abuse its discretion when finding that … Snowden[']s [A]ffidavit was not after-discovered evidence thereby applying a misnomer and ignoring the plain language of 42 Pa.[]C.S.[A.] § 9545(b)(1)(ii)?

[2.] Did the suppression of the circumstances surrounding … Snowden's arrest and subsequent false identification deprive [Pinson] of his due process rights including the right to present a complete defense?

_____

[4] On November 2, 2020, this Court ordered Pinson to show cause why his appeal should not be quashed in light of our Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). In **Walker**, our Supreme Court, relying upon Pa.R.A.P. 341(a), held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." **Id.** at 971.

This Court has recognized that when a breakdown in court operations occurs, this Court may decline to quash an appeal "when the defect resulted from an appellant's acting in accordance with misinformation relayed to him by the trial court." **Commonwealth v. Larkin**, 235 A.3d 350, 353 (Pa. Super. 2020) (*en banc*) (citing **Commonwealth v. Stansbury**, 219 A.3d 157, 159-60 (Pa. Super. 2019)).

Instantly, Pinson's Notice of Appeal contains both of the above-captioned docket numbers. However, the PCRA court's Order dismissing Pinson's PCRA Petition informed Pinson of his appellate rights as follows: "[Pinson] is hereby advised pursuant to Pa.R.Crim.P. 907, that he has the right to appeal from this final Order and that **such appeal** must be taken within thirty (30) days from the date of this Order." Order, 8/30/20, at 1 (emphasis added). We conclude that this misstatement by the PCRA court constituted a breakdown in court operations such that we may overlook the defective nature of Pinson's timely Notice of Appeal. **See Stansbury**, 219 A.3d at 160 (stating that a breakdown in court operations had occurred where the trial court advised defendant that he only need file a *single* notice of appeal).

[3.] Did the PCRA court deny a fundamentally fair procedure to afford [*sic*] [Pinson] an opportunity to substantiate his evidentiary issues thereby constraining [this Court] by failing to properly develop the record when pursuant ***Franks***[ ***v. Delaware***, 438 U.S. 154 (1978)[5]] and 42 Pa.[]C.S.[A.] § 9545(d) [Pinson] was entitled to an evidentiary hearing?

Brief for Appellant at 1-2 (footnote added).

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking

---

[5] In his Motion, Pinson argued that he was entitled to an evidentiary hearing pursuant to ***Franks v. Delaware***, 438 U.S. 154 (1978). In ***Franks***, the United States Supreme Court held that,

[w]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the findings of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

***Franks***, 438 U.S. at 154.

review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Pinson's judgments of sentence became final on November 26, 2002, and June 25, 2004, respectively, when the time to file a petition for writ of *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Sup. Ct. R. 13. Thereafter, Pinson had until November 26, 2003, and June 24, 2005, respectively, to file a timely PCRA petition. Thus, Pinson's Petition is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Those three exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws or this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have

been presented." *Id.* § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017).

In his first claim, Pinson purports to invoke the newly-discovered facts exception at 42 Pa.C.S.A. § 9545(b)(1)(ii). ***See*** Brief for Appellant at 12-20. Additionally, Pinson argues that the PCRA court "abdicated" its duties by failing to conduct an evidentiary hearing on his PCRA Petition. *Id.* at 10-12.

In purporting to invoke the newly-discovered fact exception, Pinson asserts that Snowden authored and signed an Affidavit (the "Snowden Affidavit"), which proves that both Snowden and Carter lied when they told police that Pinson and his co-defendant were involved in the Pittsburgh Police Zone 6 drive-by shooting, resulting in a false conviction. *Id.* at 12-18. Pinson acknowledges that, in a previous Petition, he challenged the effectiveness of all of his previous counsel in failing to call the two men, obtain affidavits, or otherwise investigate Snowden and Carter. *Id.* at 12-14. However, Pinson contends that the instant claim is distinct, because he has since obtained and provided the Snowden Affidavit. *Id.* at 14-16. Pinson argues that the "trigger" for the newly-discovered fact exception is not the existence of Snowden, but rather the availability of Snowden's testimonial evidence. *Id.* at 16. Pinson further contends that Snowden had previously been unavailable to him. *Id.* at 15-18.

Pinson purports to invoke the newly-discovered fact exception, which

> [r]equires that the facts upon which such a claim is predicated must not have been known to [the petitioner], nor could they have been ascertained by due diligence. To fall within this exception, the factual predicate of the claim must not be of public record and must not be facts that were previously known but are now presented through a newly-discovered source.

***Commonwealth v. Shannon***, 184 A.3d 1010, 1015-16 (Pa. Super. 2018) (citations, quotation marks, and some brackets omitted). Further, "[d]ue diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa. Super. 2010).

In dismissing Pinson's PCRA Petition, the PCRA court highlighted that Pinson had previously argued that Snowden's testimony would have been exculpatory. PCRA Court Opinion, 1/12/21, at 5. Thus, the PCRA court concluded that Pinson must have been aware of the nature and substance of Snowden's testimony and, therefore, knew of that testimony as early as September 2003. ***Id.*** at 6.

Our review of the record confirms the PCRA court's determinations. ***See id.*** Indeed, contrary to Pinson's assertions, Pinson was aware of Snowden's involvement in this case since at least September 2003. ***See*** PCRA Court Opinion, 11/8/07, at 2-3 (wherein the PCRA court, in addressing Pinson's second PCRA Petition, summarized that Pinson filed his second PCRA Petition in September 2003, and raised his claim that all prior counsel were ineffective for failing to call Snowden and Carter as witnesses). Moreover, other than a

bald assertion of Snowden's unavailability for 16 years, Pinson provides no explanation of the steps he took to secure the Snowden Affidavit, nor any pitfalls or delays. **See Shannon**, **supra**; **see also Monaco**, **supra**. Accordingly, because Pinson's fifth PCRA Petition is untimely and he failed to successfully plead and prove any of the timeliness exceptions, this Court lacks the jurisdiction to determine the merits of Pinson's first claim.[6]

We address Pinson's second and third claims together, as they are related. In his second claim, Pinson contends that the Commonwealth suppressed Snowden's whereabouts in violation of **Brady v. Maryland**, 373 U.S. 83, 87 (1963). Brief for Appellant at 20-25. In his third claim, Pinson argues that, as a result of the alleged suppression, he was entitled to an evidentiary hearing pursuant to **Franks**. Brief for Appellant at 26-32.

With regards to his second and third claims, Pinson fails to invoke any of the timeliness exceptions set forth at section 9545(b)(1)(i)-(iii). Therefore, we lack jurisdiction to address the merits of these claims. **See Albrecht**, **supra**.

Application for Relief granted. Order affirmed.

Judge Nichols joins the memorandum.

---

[6] We note that the Snowden Affidavit does not appear in Pinson's PCRA Petition, his Amended Petition, nor anywhere else in the certified record before this Court. Indeed, the Snowden Affidavit makes its first appearance in Pinson's appellate brief. **See** Brief for Appellant at 37 (unnumbered).

Judge Olson did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2021